UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| ERIC LEBRON SPRINGS, | ) | | |
| | ) | | |
| *Petitioner*, | ) | Case Nos. | 1:09-CR-107-TRM-HBG |
| | ) | | 1:13-CV-341-TRM |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| *Respondent*. | ) | | |

## MEMORANDUM AND ORDER

Petitioner, Eric Lebron Springs, participated in a string of armed robberies in and around Chattanooga in August 2008. In December 2009, a jury convicted Springs on five counts of aiding and abetting robbery and five counts of using a firearm during and in furtherance of a crime of robbery. (Doc. 57.)[1] The Court sentenced Springs to a bottom end of the guidelines range sentence of 1,338 months imprisonment. (Doc. 74.) The Court of Appeals for the Sixth Circuit affirmed the convictions and sentence. (Doc. 88.)

Now before the Court is *pro se* Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("2255") in which he asserts claims of ineffective assistance of counsel at trial, arrest without probable cause, Miranda violations, and prosecutorial misconduct. (Doc. 99.) The Government has responded in opposition (Doc. 109), and Petitioner has replied (Doc. 117). Subsequently, on May 20, 2016, Petitioner filed a motion to supplement his § 2255 motion (Doc. 127) to which the Government responded in opposition (Doc. 134), and, on July 6, 2016, Petitioner filed a motion (Doc. 135) asking the Court to grant his motion to

---

[1] All citations to the record are found on the docket of case no. 1:09-CR-107-TRM-HBG.

supplement, based on the inaccurate belief that the Government had not responded to his motion to supplement.

The Court will now address Petitioner's original § 2255 motion, the motion to supplement, and the motion to grant relief in relation to the supplement motion, in turn.

   I.   **MOTION PURSUANT TO 28 U.S.C. § 2255**

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). A petitioner bears the burden of demonstrating an error of a constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 348–49 (1994). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner presents two claims of ineffective assistance of counsel in his 2255: (1) that counsel failed to move for acquittal at the close of the evidence; and (2) that counsel failed to develop potential witnesses for trial. Neither of these claims warrant relief.

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987); *see also Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, Petitioner must establish that his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, Petitioner must demonstrate

2

"that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The Supreme Court has emphasized that "the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy") (internal citation omitted).

Second, Petitioner must demonstrate not only that his counsel's representation was objectively unreasonable but also that he was prejudiced by counsel's deficiency because there is "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. To satisfy the second prong in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). If Petitioner fails to prove he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial

3

where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

### A. Petitioner has not established that counsel was ineffective for not moving for acquittal.

Petitioner claims his trial counsel was ineffective for failing to move for a judgment of acquittal at the close of the evidence. To prevail on this claim, Petitioner needs to show he was actually prejudiced by counsel's actions. *Frady*, 456 U.S. at 170. In this case, the Court finds Springs cannot make that showing. The Sixth Circuit considered the sufficiency of the evidence on direct appeal and affirmed Petitioner's convictions. Because the appellate court found that there was sufficient evidence to sustain a conviction, Petitioner cannot show he would have prevailed on a Rule 29 motion. *United States v. Mathis*, 738 F.3d 719, 735 (6th Cir. 2013) (describing the standard for a Rule 29 motion and a sufficiency claim as identical).

When reviewing a sufficiency-of-the-evidence claim, a court must determine whether, "after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (cited in *United States v. Halter*, 259 F. App'x 738, 740-41 (6th Cir. 2008) (emphasis in original)). If a reasonable mind could fairly conclude guilt beyond a reasonable doubt, a Rule 29 motion must be overruled and the issue left to the jury. *United States v. Conti*, 339 F.2d 10, 12-13 (6th Cir. 1964). Petitioner could not have prevailed on a Rule 29 motion, so he cannot establish any constitutional ineffectiveness from counsel's failure to make such a motion. Therefore, this claim for relief is without merit.

### B. Petitioner cannot show counsel was ineffective with regard to witnesses at trial.

Petitioner claims his counsel provided ineffective assistance by failing to develop three

4

potential witnesses. One of the possible witnesses, however, was Yevitt Cannon. She did testify on Petitioner's behalf at trial. (Doc. 83.) In addition, Petitioner admits to being aware of the other two potential witnesses, Jerome Holiday and Brandon Appleberry, and their potential testimony before and during the trial. (Doc. 102.)

The Government points out that each potential witness had a relationship with Petitioner that arguably created bias. This supports counsel's decision not to use two of the witnesses and amounts to a reasonable strategic decision. Tevitt Cannon was Petitioner's girlfriend and is the mother of his child. Jerome Holiday is Cannon's brother. Brandon Appleberry dated Petitioner's sister. It is well-settled that the decision whether or not to call a defendant's family and close friends as witnesses is a matter of trial strategy. The Court defers to trial counsel on such decisions. *Groseclose v. Bell*, 130 F.3d 1161, 1169 (6th Cir. 1997); *see also Rayborn v. United States*, 489 F. App'x 871, 878 (6th Cir. 2012) ("[W]hether to call a witness . . . [is a] classic question[] of trial strategy that merit[s] *Strickland* deference.").

Petitioner claimed at trial that Appleberry committed the August 2, 2008 robbery and that Holiday committed the August 30, 2008 robbery. Thereby, had Appleberry or Holiday testified, each would have had to either admit his own role in an aggravated robbery or directly contradict Petitioner's testimony—even, in Holiday's case, while state charges for these offenses remained pending against him—in order to be helpful witnesses. Trial counsel had reason to believe both witnesses would be motivated by their own interests to present evidence contrary to or unhelpful to Springs's defense. The Sixth Circuit has rejected claims of ineffective assistance where witnesses identified after-the-fact by a Petitioner would have been "cumulative or unreliable." *See, e.g.*, *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995) (no ineffectiveness where many of the potential witnesses identified by the Petitioner were "cumulative or unreliable").

5

The Government also correctly points out that the testimony of these three witnesses would have undermined the defense theory that Springs was involved in the robberies under duress. Springs testified at trial that he was forced to drive the others to and from the robberies out of fear for himself and his family. Had he also attempted to deny any participation in the August 2, 2008 robbery by presenting these additional witnesses, Petitioner would have undermined this defense.

The Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Miller v. Francis*, 269 F.3d 609, 615-16 (6th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). While *Strickland* imposes an obligation on an attorney to "investigate all witnesses who may have information concerning his or her client's guilt or innocence," *Ramonez v. Berghuis*, 490 F.3d 482, 487 (6th Cir. 2007) (quoting *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005)), Petitioner has offered no evidence that these potential witnesses' testimony would have been favorable. *See United States v. Ashimi*, 932 F.2d 643, 350 (7th Cir. 1991) ("[T]he testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit; [a] defendant cannot simply state that the testimony would have been favorable, [as] self-serving speculation will not sustain an ineffective assistance claim.") (footnote omitted). That being said, Petitioner bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. "A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001). The Court cannot find that this occurred in the present case.

6

## II. PROCEDURAL DEFAULT AND MERITLESS CLAIMS

Petitioner's claims regarding his arrest, his statements, Miranda rights, and evidence admitted at trial are procedurally defaulted because they could have been litigated on direct appeal but were not. *Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). To obtain review of a procedurally defaulted claim, a petitioner must show that (1) he had good cause for not raising the claim earlier and would suffer "actual prejudice" if it were not now reviewed, or (2) he is actually innocent. *See, e.g.*, *id.* at 622; *United States v. Frady*, 456 U.S. 152, 167-68 (1982). The "hurdle" for excusing a procedural default is "intentionally high. . . , for respect for finality of judgments demands that collateral attack generally not be allowed to do service of an appeal." *Elzy v. United States* 205 F. 3d 882, 884 (6th Cir. 2000). The Government argues Springs has not even attempted to overcome that "hurdle," and, therefore, that these claims should be denied on that basis. The Court concurs and, accordingly, finds that these claims are without merit.

## III. MOTION TO EXPAND THE RECORD

On June 29, 2015, Petitioner moved to "expand the record" pursuant to Rule 15 of the Federal Rules of Civil Procedure. (Doc. 117.) Although Petitioner's motion is somewhat disjointed and difficult to ascertain, a careful reading of the filed document reveals that his "motion" appears to be a simple reiteration of his arguments previously made in his § 2255 motion (Doc. 99) and his supplement filed later (Doc. 127), which the Court will grant and consider. Because Petitioner's motion simply reiterates arguments already made, in two other forms—Petitioner's § 2255 motion (Doc. 99) and Petitioner's supplement to his § 2255 motion (Doc. 127)—the motion to expand the record (Doc. 117) will be **DENIED**.

7

## IV. MOTION TO SUPPLEMENT

Petitioner moved to supplement his 28 U.S.C. § 2255 motion in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 127.) In opposition, the Government argues *Johnson* provides no basis upon which § 2255 relief could be granted, so there is no basis upon which to supplement the motion. In consideration, the Court finds that the motion to supplement will be **GRANTED**. The Court will evaluate the merits of Petitioner's supplement at this time.

Petitioner argues *Johnson* invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence, and that his § 924(c) convictions should be vacated. Springs asserts "Hobbs Act armed robbery is not a crime of violence." (Doc. 127, at 1.) However, this claim is without merit. *Johnson*'s holding applied to the residual clause in the Armed Career Criminal Act ("ACCA").[2] The Sixth Circuit has held that *Johnson* does not invalidate the differently worded residual clause in § 924(c)(3)(B). *United States v. Taylor*, 814 F.3d 340, 376-79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and holding that the "argument that *Johnson* effectively invalidated § 924(c)(3)(B) is . . . without merit"). In addition, the Supreme Court stated in *Johnson* that it was not invalidating the ACCA's use-of-force-clause. *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."); *accord United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015) (post-*Johnson*, a "defendant can still

---

[2] The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

receive an ACCA-enhanced sentence based on the statute's use-of-force clause or enumerated-offense clause"). Therefore, *Johnson* could have no potential application to the similarly worded use-of-force clause in §924(c)(3)(A). Accordingly, *Johnson* does not provide Petitioner with any basis on which to challenge the validity of his § 924(c) convictions.[3]

## V. MOTION FOR RELIEF

On May 26, 2016, the Court ordered the Government to file a response to the Petitioner's motion to supplement his § 2255 motion within 30 days. (Doc. 128). The Government timely filed its response. (Doc. 134.) Nonetheless, Petitioner filed a "motion" on July 6, 2016, alleging the Government failed to respond as required and asking the Court to deem as "conceded" the relief requested in the supplement. (Doc. 135.) This motion is not well-taken, and it is **DENIED**. The Government filed a timely response and did not concede that Petitioner was entitled to the relief sought.

## VI. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2255(c)(2), the Court must determine whether to grant a certificate of appealability. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As a general rule, the Sixth Circuit disapproves of blanket denials of certificates of appealability. *See Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to

---

[3] The government correctly notes that even if *Johnson's* reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, petitioner's § 924(c) convictions would still remain valid because the underlying Hobbs Act robberies still qualify as crimes of violence under the use-of-force clause in § 924(c)(3)(A). *In re Fleur*, No. 16-12299-J, 824 F.3d 1337, 2016 WL 3190539 at *3 (11th Cir. June 8, 2016) (finding, post-*Johnson*, that Hobbs Act robbery categorically qualifies as a crime of violence under the use-of-force clause in 18 U.S.C. § 924(c)(3)(A)); *United States v. Howard*, No. 15-10042, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016) (same); *accord United States v. House*, No. 14-3011, 825 F.3d 381, 2016 WL 3144735, at *3 (8th Cir. June 6, 2016) (finding that Hobbs Act robbery categorically qualified as a "serious violent felony" under 18 U.S.C. § 3559(c)(2)(F)(ii)'s use-of-force clause).

9

determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standard set forth by *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Under *Slack*, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a certificate. 529 U.S. at 484. After reviewing each of Petitioner's claims in detail, the Court finds that reasonable jurists could not conclude that Petitioner's claims deserve further review. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

## VII. CONCLUSION

The Court finds that because the claims lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and a hearing is unnecessary in this case. Petitioner's motion to expand the record (Doc. 117) will be **DENIED**; Petitioner's motion to supplement (Doc. 127) will be **GRANTED**; and, to the extent Petitioner's additional supplement styled as a motion to grant relief is a motion (Doc. 135), it is **DENIED**.

An appropriate judgment shall issue.

/s/ *Travis R. McDonough* _____
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**